Filed 10/27/25  P. v. Jones CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B343068 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA072443) |
| v. | |
| MARCELL JONES, | ORDER MODIFYING OPINION (NO CHANGE IN JUDGMENT) |
| Defendant and Appellant. | |

The opinion filed on October 20, 2025 is modified as follows:

On page 1, in the first paragraph, the word "Affirmed." is deleted and replaced with "Dismissed."

This modification does not constitute a change in the judgment.

_____

ROTHSCHILD, P. J.          BENDIX, J.          WEINGART, J.

Filed 10/20/25  P. v. Jones CA2/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCELL JONES,<br><br>    Defendant and Appellant. | B343068<br><br>(Los Angeles County<br>Super. Ct. No. TA072443) |

Appeal from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Jennifer Peabody, Executive Director, and Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Marcell Jones appeals from an order denying his request for resentencing under Penal Code section 1172.1.[1] We appointed counsel for Jones, who filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.  (See *People v. Rosemond* (2025) 108 Cal.App.5th 667, 673 [*Delgadillo* applies to the denial of a request for resentencing under section 1172.1].)  Jones filed a supplemental brief in which he argues the court should have held a hearing before denying his request.

Because the order Jones seeks to challenge is not appealable, we dismiss the appeal.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]

In January 2005, a jury convicted Jones of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664).  The jury further found that Jones personally discharged a firearm during the offense, inflicting great bodily injury (§ 12022.53, subd. (d)), and that he committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)). The court sentenced Jones to life in prison with the possibility of parole, plus 25 years.

On September 20, 2024, Jones filed a request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) and section 1172.1.  Jones alleged he was eligible for resentencing because of legislative changes to sections 186.22, 1109, 1170, 1170.1, and 1385 made after he was

---

[1] Subsequent statutory references are to the Penal Code.

[2] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

2

sentenced.  He attached to his request documents showing his efforts at rehabilitation and self-improvement.

On December 6, 2024, the court issued an order stating it was "expressly declining" to exercise its discretion to recall Jones's sentence under section 1172.1.  On December 30, 2024, Jones filed a notice of appeal from the December 6 order.

## DISCUSSION

Under section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced."  (§ 1172.1, subd. (a)(1).)  The court may also act upon the recommendation of certain state government officials.  (*Ibid.*)

A defendant, however, "is not entitled to file a petition seeking relief from the court under . . . section [1172.1]" (§ 1172.1, subd. (c)), and a defendant who nevertheless files such an "unauthorized request for resentencing has no right to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*), italics omitted; see also *id.* at p. 998 [section 1172.1, subdivision (a)(9), which provides that " '[r]esentencing shall not be denied . . . without a hearing,' " applies only "once the court has either received an *authorized* request for resentencing from designated officials or has formally initiated consideration of whether to resentence the defendant on its own motion"].)

Although a court that receives an unauthorized request for resentencing under section 1172.1 may exercise its discretion under the statute to recall the defendant's sentence on its own

3

motion, if it declines to exercise such discretion, the order is not appealable and we lack the authority to rule on the merits of the appeal.  (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1044; *People v. Roy* (2025) 110 Cal.App.5th 991, 994; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692; *Hodge, supra*, 107 Cal.App.5th at p. 999.)

Here, Jones filed an unauthorized request for resentencing under section 1172.1.  The court's order declining to act on the request therefore is nonappealable.  Accordingly, we dismiss the appeal for lack of jurisdiction.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

4